2020 IL App (1st) 181970-U

FIFTH DIVISION
Order filed: December 11, 2020

No. 1-18-1970

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County |
| v. | ) ) | No. 00 CR 3709 02 |
| JOHN MITCHELL, | ) ) | Honorable Kevin M. Sheehan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The judgment of the circuit court is reversed because it improperly denied the defendant's motion for leave to file a successive postconviction petition where he satisfied the cause and prejudice test.

¶ 2   The defendant, John Mitchell, appeals from the denial of his *pro se* motion for leave to file his successive petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2016)). The defendant argues that the circuit court erred in denying him leave to file his petition

where he satisfied the cause and prejudice test. For the reasons that follow, we reverse the order of the circuit court and remand the cause for further proceedings.

¶ 3    On January 28, 2000, the defendant was charged by indictment with, *inter alia*, multiple counts of first-degree murder related to a January 3, 2000 home invasion resulting in the deaths of Raymond and Preston Stouffer. Following a jury trial, the defendant was convicted of, among other offenses, two counts of first-degree murder and subsequently sentenced to natural life in prison without the possibility of parole.

¶ 4    The defendant filed a direct appeal, arguing, *inter alia*, that he received ineffective assistance of counsel when his attorney failed to file a motion to quash arrest and suppress evidence and requesting that the mittimus be corrected. This court affirmed his conviction and sentence and ordered that the mittimus be corrected. *People v. Mitchell*, No. 1-05-3673 (2009).

¶ 5    In June 2005, the defendant filed a state petition for a writ of *habeas corpus*, alleging that he was deprived of his sixth amendment right to counsel and that the State is being allowed to prosecute him based on a statement "obtained during the course of an illegal arrest." *Mitchell v. State of Illinois*, No. 11499 (2005). The record is silent as to the disposition of that case.

¶ 6    On November 26, 2011, the defendant filed a second state petition for a writ of *habeas corpus*, alleging that he was physically and psychologically abused by Chicago police officers and forced to give a self-incriminating statement. *Mitchell v. State of Illinois*, No. 11 MR 1299 (2011). The petition was denied because it failed to demonstrate a clear right to *habeas corpus* relief and because it was barred by the doctrine of collateral estoppel.

¶ 7    On November 29, 2011, the defendant filed a *pro se* postconviction petition, alleging, *inter alia*, that his counsel was ineffective for failing to argue that his confession was involuntary and

obtained in violation of his fifth amendment right. He specifically alleged that he was illegally arrested and detained, held for 28 hours, denied sleep and food, and threatened that, if he did not confess, his girlfriend would be charged as an accessory to murder and that she would never see her daughter again. The circuit court summarily dismissed the petition. The defendant appealed, and this court affirmed. *People v. Mitchell*, 2013 IL App (1st) 120907-U.

¶ 8    On October 25, 2014, the defendant filed a federal petition for a writ of *habeas corpus*, alleging that he was physically and psychologically abused by law enforcement into confessing to the murders. The federal court dismissed the petition on the grounds that it was untimely. *United States ex rel. Mitchell v. Lamb*, 2015 WL 5730110, at *5 (2015).

¶ 9    On April 25, 2018, the defendant filed a combined successive *pro se* postconviction petition and a section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2016)). In his petition, he alleged that he was "physically coerced by Detectives Cummings, Judge, and Graziano, as part of a pattern and practice of torture," that the State withheld exculpatory evidence that would have "completely discredited two of the most important witnesses against him— Detectives Cummings and Judge," and that his trial counsel was ineffective for failing to obtain "internal records as part of evidence of a pattern and practice of torture by Detective Cummings and other Area 2 detectives." The defendant attached numerous exhibits to his petition, including the Torture Inquiry and Relief Commission (TIRC) complaint of Darryl Christian, the July 19, 2006 Report of Special Prosecutor Edward Egan (2006 Report), and various lawsuits/cases. The circuit court denied the section 2-1401 petition and denied the defendant leave to file the successive postconviction petition. This appeal followed.

¶ 10    The defendant's sole argument on appeal is that the circuit court erred when it denied him leave to file his successive *pro se* postconviction petition. Specifically, he maintains that his allegations that he was physically coerced by law enforcement into confessing to the murders as well as his supporting documentation of police coercion satisfied the requirement that he establish both cause and prejudice for his failure to raise the issue in an earlier proceeding. We agree with the defendant.

¶ 11    The Act allows a defendant to collaterally attack a prior conviction and sentence where there was a substantial violation of his constitutional rights. *People v. Gosier*, 205 Ill. 2d 198, 203 (2001). The Act contemplates the filing of only one postconviction petition. *People v. Evans*, 186 Ill. 2d 83, 89 (1999). Successive postconviction petitions are only permitted when fundamental fairness so requires or when a defendant can establish cause and prejudice for his failure to raise the issue in an earlier proceeding. *People v. Lee*, 207 Ill. 2d 1, 4-5 (2003). Under the cause and prejudice test, the petitioner must show good cause for failing to raise the claimed errors in a prior proceeding and actual prejudice resulting from the claimed errors. *People v. Pitsonbarger*, 205 Ill. 2d 444, 460, (2002); 725 ILCS 5/122-1(f) (West 2016). "Cause" is defined as "any objective factor, external to the defense, which impeded the defendant's ability to raise a specific claim at the initial postconviction proceeding." *Pitsonbarger*, 205 Ill. 2d at 462; 725 ILCS 5/122-1(f) (West 2016). "Prejudice" is an error so infectious to the proceedings that the resulting conviction violates due process. *Pitsonbarger*, 205 Ill. 2d at 464; 725 ILCS 5/122-1(f) (West 2016). A defendant must establish cause and prejudice as to each individual claim asserted in a successive postconviction petition to escape dismissal under *res judicata* and forfeiture principles. *Pitsonbarger*, 205 Ill. 2d at 463; 725 ILCS 5/122-1(f) (West 2016). We review the

circuit court's denial of a motion to file a successive postconviction petition *de novo. People v. LaPointe*, 365 Ill. App. 3d 914, 923 (2006).

¶ 12 We first address the State's contention that the defendant's claim is barred by the doctrine of collateral estoppel. In support of the argument, the State relies on *People v. Tenner*, 206 Ill. 2d at 396, for the proposition that, because the defendant's coercion claims have been previously litigated in his motion to suppress, at trial, in his first postconviction petition, and in his *habeas corpus* petitions, the claim is barred by the doctrine of collateral estoppel. We find the argument lacking in merit.

¶ 13 While collateral estoppel is a bar to the consideration of an issue in a successive postconviction proceeding if the identical issue was decided in a prior postconviction proceeding (*Tenner*, 206 Ill. 2d at 396), the doctrine of collateral estoppel is not applicable where a defendant has offered additional evidence. See *Id.* at 397-98. In the defendant's successive postconviction petition, his allegation that he was coerced into making an incriminating statement is supported by newly discovered evidence, namely the 2012 TIRC Report containing Christian's complaint, which was not available until June 13, 2012—after the defendant filed his first postconviction petition on November 29, 2011. Because the defendant offered additional evidence in support of his coercion claim, we find that this claim is not barred by the doctrine of collateral estoppel.

¶ 14 The State concedes that the defendant satisfied the "cause" prong of the cause and prejudice test but asserts that the defendant cannot establish the "prejudice" prong of the test. The defendant argues that he did establish the "prejudice" prong of the test. He asserts that the strongest evidence against him was his coerced confession. He contends that he has consistently alleged torture, that his arguments are strikingly similar to other allegations of abuse by the same officer, and consistent

with OPS findings of a system of torture under Commander Burge. He argues, therefore, that the circuit court erred when it denied him leave to file his successive *pro se* postconviction petition.

¶ 15    The following factual recitation relevant to the defendant's allegations of prejudice is adduced from the record in this case and is uncontradicted by the parties.

¶ 16    At approximately 1:25 p.m. on January 3, 2000, the Chicago Fire Department responded to a fire at 1041 West 112th Place in Chicago, Illinois. When the firefighters arrived, they discovered the burned remains of Preston and Raymond Stouffer. The defendant and his co-defendants were subsequently arrested and charged with the murders.

¶ 17    Prior to trial, the defendant filed a motion to suppress the videotaped, self-incriminating statement that he gave to the police, alleging, *inter alia*, that law enforcement physically and psychologically coerced him. He specifically alleged that members of the Chicago Police Department threatened him, accused him of lying, used derogatory terms against him, swore at him, verbally abused him, handcuffed him to a wall, kicked him in the wrist causing him to be cut from the handcuffs, and struck him in the face, thereby coercing him to admit involvement in the murders. At the hearing on the motion, the state introduced the testimony of Detectives Michael Cummings and Phillip Graziano as well as Assistant State's Attorney (ASA) Kristin McDonald-Duffy. Detective Cummings denied all allegations of abuse and threats towards the defendant. Detective Graziano denied being present for any of Detective Cummings' conversations with the defendant, denied observing Detective Cummings abuse the defendant in any way, and denied that anyone threatened to charge the defendant's girlfriend as an accessory to the murders or that her daughter would be turned over to the Department of Children and Family Services (DCFS). Detective Graziano also testified that the defendant was given food and was allowed to use the

restroom. ASA McDonald-Duffy testified that, when she spoke with the defendant, he was advised of his rights, he was not handcuffed, he never asked for a lawyer, he never complained of being abused, and she did not notice any injuries. The circuit court denied the motion.

¶ 18    During trial, Detective Graziano testified that the defendant first denied involvement in the murders, but afterwards confessed. According to Detective Graziano, the defendant stated that he and his co-defendants entered the Stouffer residence and once inside, the defendant saw Raymond Stouffer lying on the kitchen floor with duct tape around his wrists. He also saw Raymond Lee, one of his co-defendants, striking Preston Stouffer on the head and body, demanding money. The defendant stated that he grabbed the gas can and began to sprinkle gasoline around the kitchen and dining room area. He also observed Campbell sprinkling gasoline. When he poured gas around the kitchen stove, the gas ignited, and the house became engulfed in flames. The three men then fled from the house.

¶ 19    ASA McDonald-Duffy testified that when she met with the defendant, she advised him of his *Miranda* rights. After explaining his options, the defendant agreed to memorialize his statement on a videotape and provided a videotaped statement substantially similar to the statement he made to Detective Graziano. According to ASA McDonald-Duffy, the defendant stated that he was treated well by the police, and he did not complain of having any injuries. The videotaped statement was admitted into evidence and played for the jury.

¶ 20    The defendant testified, denying any involvement in the murders. He stated that after his arrest, he was taken to the police station, placed in a small room, and handcuffed to the wall. While being questioned by the police, he was punched and kicked, causing a cut on his wrist. The police also told him that, if he did not cooperate, he would go to jail for the rest of his life, his girlfriend's

daughter would be taken away from her, and his girlfriend would be charged as an accessory to murder. According to the defendant, he was not fed or allowed to use the bathroom until he gave a videotaped statement. He stated that he made the videotaped confession because the police told him that if he did, he would be a prosecution witness and that he, his girlfriend, and her daughter could go home.

¶ 21    We believe that the defendant has satisfied the "prejudice" prong of the cause and prejudice test. "Prejudice" is defined as an error so infectious to the proceedings that the resulting conviction violates due process. *Pitsonbarger,* 205 Ill. 2d at 464. The use of a physically coerced confession undermines truth seeking and renders a trial fundamentally unfair. *People v. Wrice*, 2012 IL 111860, ¶ 70. A defendant has presented sufficient evidence to establish prejudice when: (1) he has consistently claimed that he was tortured; (2) his claims are "strikingly similar" to other torture claims; (3) the officers who were allegedly involved in his torture are identified in other torture allegations; and (4) the defendant's allegations are consistent with OPS findings of systemic and methodical torture under Commander Jon Burge. See *People v. Patterson,* 192 Ill. 2d 93, 145 (2000); *People v. Nicholas*, 2013 IL App (1st) 103202, ¶ 40; see also *People v. Wrice*, 406 Ill. App. 3d 43, 53 (2010).

¶ 22    The defendant in this case has consistently claimed that his confession was physically coerced.  He did so during his motion to suppress, during trial, in his initial postconviction petition, and now in his successive postconviction petition. The defendant's claims of physical coercion by Detective Cummings are strikingly similar to Christian's complaints in the 2012 TIRC Report attached to his petition, wherein Christian alleged that he was threatened and struck in his face by Detective Cummings. In addition, the defendant's allegations are consistent with OPS findings of

systemic and methodical torture/coercion under Commander Burge. We find, therefore, that the defendant's allegations, considered along with the newly discovered evidence from the 2012 TIRC Report, establish that he has satisfied the prejudice requirement necessary to the filing of a subsequent postconviction petition.

¶ 23    Relying on the circuit court's reasoning in its denial of the defendant's successive petition, the State asserts that, even if the defendant's confession was excluded, the remaining evidence against him is so incriminating that he would still have been convicted. However, using a defendant's physically coerced confession as substantive evidence of his guilt is never harmless error. *Wrice*, 2012 IL 111860, ¶ 84. Moreover, the remaining evidence at trial is irrelevant, as our consideration of the prejudice prong cannot include "whether the evidence at the petitioner's trial overwhelmingly supported his guilt such that it was unlikely the outcome of the proceedings would have been different had his physically coerced confession been suppressed." *Weathers*, 2015 IL App (1st) 133264, ¶ 38.

¶ 24    Accordingly, we find that in addition to having satisfied the "cause" prong as conceded by the State, the defendant also established the "prejudice" prong of the cause and prejudice test, entitling him to file a successive postconviction petition. Therefore, we reverse the circuit court's denial of his motion for leave to file his successive postconviction petition and remand the cause to the circuit court for second-stage proceedings under the Act.

¶ 25    Reversed and remanded.